Dow v. McKenney.

GEORGE S. O. DOW vs. CATHARINE McKENNEY.

*Adverse possession—what is not.*

Possession of the land under a deed for more than twenty years will not give a title to such portion as lies beyond the lines therein described, if this was occupied by mistake supposing it to be covered by the deed.

*Worcester* v. *Lord,* 56 Maine, 265, affirmed.

ON EXCEPTIONS.

REAL ACTION submitted to the court with the right to except. The title involved, after the filing of a disclaimer as to the residue, was a strip of land in Bangor a yard wide and about thirty-five feet long. The demandant owned a lot on French street and the tenant one on Broadway situated so that the line in question was the boundary between them. The distance across these lots from one street to the other was greater than the deeds called for. The presiding justice allotted to each its proportionate share of the surplus according to the depths of the respective lots, and then adjudged the demandant entitled to all he claimed. Each lot had buildings upon it; not standing at all however upon the strip in controversy. The tenant claimed this strip by adverse possession. With reference to this claim the presiding justice found and reported the following facts : "That the predecessor in title and in occupancy of the demandant's premises built a fence in the fall of 1844, substantially on the line as now claimed by the respondent, although making some slight variations from it in one place on account of a surface drain that was in the way of it ; that this fence was kept up and supported by the demandant's predecessors for more than twenty years continuously (and until removed by demandant a short time before this suit,) to separate their occupation from the occupation of the respondent, and that the opposite parties exclusively occupied their respective lots accordingly during that time. But I find that the fence was placed and maintained upon a wrong divisional line by mistake ; that the parties erroneously supposed

Dow *v.* McKenney.

that it was substantially upon the true line, and that the respondent during all the time supposed and believed that the fence was on the true line, and that it was her land up to said fence, and that none of the parties had any idea of maintaining any line but the true divisional line, and that they occupied according to the fence only because they supposed it was on the true divisional line between them. Upon these facts my decision as a matter of law, is that the demandant is entitled to recover and judgment is ordered accordingly." To this ruling the tenant excepted.

*A. Sanborn* for the tenant.

*Wilson & Woodard* for the demandant.

DANFORTH, J. From the facts reported in this case it is a necessary inference that the parties and those under whom they severally claim were the owners of adjoining lots conveyed to them by deeds with sufficiently described lines, and that neither claimed title to any land beyond the lines thus described until the mistake in the location of the fence was discovered a short time and much less than twenty years before the commencement of this action.

The case is thus brought clearly within the principle settled in *Worcester* v. *Lord*, 56 Maine, 265, and cases there cited. Upon a re-examination of that decision we believe it to be sound and decisive of this. The ruling of the presiding justice was in accordance with this doctrine and there must be judgment for the plaintiff as ordered by him. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.